Case 1:20-cv-00138   Document 9   Filed on 11/04/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA J. VERGARA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-138 |
| | § | |
| UNITED AIRLINES, INC., & | § | |
| SKYWEST AIRLINES, INC., | § | |
|    Defendant. | § | |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 2, 2020, Defendants United Airlines, Inc., and SkyWest Airlines, Inc., removed this case from the 444th Judicial District Court in Cameron County, Texas. Dkt. No. 1.

On September 11, 2020, Plaintiff Maria J. Vergara filed a motion to remand, arguing that the remand was barred under the "voluntary-involuntary rule." Dkt. No. 3. Vergara also sought that this case be stayed and that the Defendants be sanctioned for filing an unnecessary and unsupported removal. Dkt. No. 3.

On September 30, 2020, the Defendants filed a response, arguing that the voluntary-involuntary rule was inapplicable to this case and that removal was proper. Dkt. No. 8.

After reviewing the record and the relevant caselaw, it is recommended that the motion to remand be denied. The removal was procedurally proper and timely filed; the voluntary-involuntary rule is inapplicable to this case.

### **I. Background**

#### **A. Factual Background**

On March 5, 2019, Vergara sued United Airlines and the City of Harlingen in the 444th District Court in Cameron County, Texas. Dkt. No. 1-5. Vergara alleged that she tripped over a wheelchair foot ramp that was negligently placed in an airport jetbridge in the path of passengers entering the plane. Id., pp. 5-6. Vergara seeks between $200,000 and $1,000,000 in damages. Id.

On November 6, 2019, the City of Harlingen filed a plea to the jurisdiction, asserting sovereign immunity under the Texas Tort Claims Act. Dkt. No. 1-5, p. 94.

On January 9, 2020, United Airlines filed a motion to designate SkyWest Airlines as a responsible third party. Dkt. No. 8.

On February 5, 2020, Vergara filed a second amended complaint against the City of Harlingen, United Airlines and SkyWest. Dkt. No. 1-5, p. 102.

On August 6, 2020, the state court entered an agreed order granting the City of Harlingen's plea to the jurisdiction. Dkt. No. 1-5, p. 134.  This left United Airlines and SkyWest as the only remaining defendants. Id.

**B. Procedural History**

On September 2, 2020, United Airlines and SkyWest removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.  Vergara is a citizen of Texas, United Airlines is a citizen of Illinois and SkyWest is a citizen of Utah. Id.

On September 11, 2020, Vergara filed a motion to abstain and motion to remand. Dkt. No. 3.  Vergara argues that the remand was untimely and procedurally improper. Id.  Vergara argues that the "voluntary-involuntary" rule applies.  Under that rule, a case — that is not removable on the initial pleadings — may only become removable pursuant to a voluntary act of the plaintiff. Id.  Vergara argues that the plea to the jurisdiction was not a voluntary act, making removal inappropriate in this case. Id.  Vergara also asserted that the Defendants could not establish that the City of Harlingen was improperly joined. Id.  Vergara also seeks a stay of the case, pending the decision on the remand motion. Id.

On September 30, 2020, United and SkyWest filed their response. Dkt. No. 8.  The Defendants argue that the voluntary-involuntary rule is inapplicable in this case because Vergara agreed to the order granting the plea to the jurisdiction, rendering it a voluntary act of the plaintiff. Id.  Defendants further argue that even if the action was involuntary, the City of Harlingen was improperly joined, making removal appropriate. Id.

**II. Applicable Law**

    **A. Diversity Jurisdiction**

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The record is clear that Vergara is a citizen of Texas; that United is a citizen of Illinois and that SkyWest is a citizen of Utah. There is also no question that Vergara seeks more than $75,000. The dispute centers upon whether the case was properly removed.

    **B. Removal**

As noted, the Court has "original jurisdiction" in cases premised upon diversity jurisdiction. § 1332(a)(1). Furthermore, where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).

The party seeking removal bears the burden of showing that jurisdiction exists and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

As relevant here, removal based on diversity of citizenship must be done within 30 days of service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

There is a judicially created exception to the rule found at § 1446(b)(3); "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." Hoyt v. Lane Constr. Corp., 927 F.3d 287, 295 (5th Cir. 2019), as revised (Aug. 23, 2019). This exception is known as the "voluntary-involuntary rule." Id.

However, there is a judicially created exception to the voluntary-involuntary rule; if "the non-diverse defendant was improperly joined, the voluntary-involuntary rule is

inapplicable." Hoyt, 927 F.3d at 295. As relevant here, if the state trial court has already dismissed the non-diverse defendant, then "the federal court must ask whether there is any reasonable possibility that the judgment will be reversed on appeal." Id. at 296 (cleaned up).[1]

### III. Analysis

As the Fifth Circuit recently noted, this case "implicates the federal removal statute, a judge-made exception to the statute, and a judge-made exception to that exception." Hoyt, 927 F.3d at 295 (emphasis original). The final judge-made exception controls in this case; the City of Harlingen was improperly joined, making removal both proper and timely.

As previously noted, in order for removal to be timely in this case, the removal had to occur within 30 days of service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). On August 6, 2020, the state court entered an agreed order granting the City of Harlingen's plea to the jurisdiction. Dkt. No. 1-5, p. 134. This was an order which made it clear that the case was removable; the dismissal order removed the only non-diverse defendant — the City of Harlingen — from the case. On September 2, 2020, United Airlines and SkyWest removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. The removal occurred within 30 days of the issuance of the dismissal order.

Vergara argues that the case did not become removable when the City of Harlingen was dismissed because the dismissal order was an involuntary action. Under the "voluntary-involuntary" rule, only a voluntary dismissal or the non-suiting of a non-diverse defendant can make a case removable. Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006). This case poses an interesting conundrum: the City of Harlingen

---

[1] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Flores-Abarca v. Barr, 937 F.3d 473, 479-81 (5th Cir. 2019) (using "cleaned up").

filed a plea to the jurisdiction, which Vergara did not oppose and agreed to the granting of the motion. See Dkt. No. 1-5, p. 134 (Vergara's counsel agreeing to the entry of the dismissal order).  There is no clear Fifth Circuit caselaw as to whether this constitutes a voluntary dismissal.  However, the Court need not answer this question.

The voluntary-involuntary rule is inapplicable if the non-diverse defendant was improperly joined. Hoyt, 927 F.3d at 295.  In this context, improper joinder is established by demonstrating that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. Crockett, 436 F.3d at 532.  As relevant here, if the state court has already dismissed the non-diverse defendant, the Court "must ask whether there is any reasonable possibility that the judgment will be reversed on appeal." Id. (cleaned up).

The state trial court, by granting the plea to the jurisdiction, found that the City of Harlingen possessed sovereign immunity under the Texas Tort Claims Act, precluding jurisdiction and any possibility of recovery against it. See Dkt. No. 1-5, pp. 129-131 (City of Harlingen's memo in support of the plea to the jurisdiction).  Under the Texas Tort Claims Act, sovereign immunity is waived for personal injury caused by a condition only "if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIVIL PRAC. & REM. CODE § 101.021(2).  The City of Harlingen argued that the jetbridge, where the accident occurred, was leased to United and that landlords owe no duty to invitees for alleged dangerous conditions on the leased premises. Dkt. No. 1-5, p. 130.

As previously noted, Vergara agreed to the entry of the order granting the plea to the jurisdiction.  There is no reasonable possibility that this order would be overturned on appeal.  "A party generally cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation." Abraham v. Victory Apartments, 578 S.W.3d 659, 663 (Tex. App. 2019).  Vergara has not alleged fraud, collusion or misrepresentation occurred to induce her into agreeing to the entry of the order dismissing the City of Harlingen, giving her no reasonable chance of success on

appeal. Vergara has not indicated that she could or would pursue an appeal, rendering it even less likely that the order would be overturned on appeal. Hoyt, 927 F.3d at 297.[2]

Furthermore, even if the appellate court would consider an attack on the agreed order, any appeal would still fail. In order to establish a premises liability claim against the City, Vergara would have to show that the City of Harlingen retained control over the jetbridge despite having leased it to United. City of El Paso v. Viel, 523 S.W.3d 876, 895-97 (Tex. App. 2017). There is no evidence in the record to show this, accordingly, the City of Harlingen retained its sovereign immunity. See City of El Paso v. Hernandez, 342 S.W.3d 154, 159 (Tex. App. 2011) ("it is the plaintiff's burden to demonstrate a waiver of governmental liability provided by the [Texas Tort Claims Act]").

Thus, the City of Harlingen was improperly joined. As such, the voluntary-involuntary rule is inapplicable. The removal was properly and was timely filed and the motion to remand should be denied.[3]

## IV. Recommendation

It is recommended that the motion to remand filed by Plaintiff Maria J. Vergara be denied. Dkt. No. 3. It is further recommended that the motion to stay the case be denied as moot.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically

---

[2] The Court notes that an interlocutory appeal of the order granting the plea to the jurisdiction would be untimely filed. See TEX. R. APP. P. 26.1(b) (requiring parties to notice accelerated appeals within 20 days after signing of judgment or order being appealed) & TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (an order granting a plea to the jurisdiction is immediately appealable). However, Vergara could wait until a final judgment was issued and then appeal. Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC, 603 S.W.3d 385, 387 (Tex. 2020) (noting that a party does not forfeit its right to challenge a ruling on appeal of a final judgment simply because it chose not to pursue an interlocutory appeal). Thus, the Court will not consider whether any appeal would be timely filed.

[3] Vergara sought sanctions against United Airlines and SkyWest for filing an unnecessary and unsupported motion to remand. Dkt. No. 3, pp. 3-4. This request should be denied, as the analysis demonstrates that the motion was valid.

identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on November 4, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge